FILED
U.S. DISTRICT COURT

2015 JUN 23  P 1:31

DISTRICT OF UTAH

BY: _____
    DEPUTY CLERK

Evan A. Schmutz (3860)
Jordan K. Cameron (12051)
DURHAM JONES & PINEGAR, P.C.
3301 N. Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: 801-375-6600
Facsimile: 801-375-3865
eschmutz@djplaw.com
jcameron@djplaw.com

Richard B. Newman (Admitted *pro hac vice*)
HINCH NEWMAN LLP
1450 Broadway, 35th Floor
New York, NY 10018
(212) 756-8777
rnewman@hinchnewman.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>Plaintiff,<br><br>vs.<br><br>CLICKBOOTH.COM, LLC. a Florida Corporation; DOES 1-40,<br><br>Defendants. | **STIPULATED ORDER OF INJUNCTION**<br><br>Case No. 2:15-cv-00420 DB<br><br>Judge Dee Benson |

This matter comes before the Court on a stipulation of the parties in advance of the hearing on Plaintiff's Motion for Temporary Restraining Order currently scheduled for June 24, 2015. Plaintiff XMission, L.C. and Defendant Clickbooth.com, LLC, have stipulated to the following recitals:

    A.    XMission filed this action against Clickbooth on June 12, 2015, alleging violations of the CAN-SPAM Act, 15 U.S.C. §§ 7702, et seq.

    B.    Clickbooth denies all allegations in XMission's complaint.

  C. XMission alleges it is an Internet service provider and that its customers have received commercial e-mails from Internet publishers.

  D. Clickbooth maintains a "suppression list" of e-mail addresses and domain names that it deploys to publishers.

  E. XMission represents that by contract it is authorized by its customers to add their domain names to Clickbooth's suppression list.

  F. XMission desires to add domain names that are registered to XMission or its customers to Clickbooth's suppression list, and Clickbooth desires to add them to the extent XMission has the right to request they be added on behalf of the domain-name registrant.

  Therefore, XMission and Clickbooth stipulate and agree, and the Court orders, as follows:

  1. Within 48 hours after the parties execute this stipulation, XMission will provide a list of domain names registered to customers of XMission's e-mail-hosting service, or to XMission itself, including active and inactive domains (each a "Domain" and collectively the "Add List"), directly to Clickbooth's General Counsel, with a copy to Clickbooth's outside counsel.

  2. XMission represents and warrants that (a) it provides or has historically provided e-mail service for each domain-name on the Add List, which includes both active and inactive domains, and (b) XMission is authorized by each domain-name registrant on the Add List to request that it be removed from e-mail advertisements that contain Clickbooth-placed advertisements.

  3. Within 48 hours after Clickbooth receives the Add List, Clickbooth will (a) add each Domain to its suppression list, and (b) notify each publisher (the "Scrub Notice") that Clickbooth has updated the suppression list and that they are required to scrub against the

updated suppression list per their contractual obligations with Clickbooth, and (b) certify by e-mail from its General Counsel, or outside counsel, to XMission's counsel that Clickbooth has added the Add List to Clickbooth's suppression list, and provide a copy of the Scrub Notice.

4. Clickbooth will maintain each Domain on its suppression list unless a Domain registrant (a) requests to be placed on a list that will receive advertisements distributed through Clickbooth's network, or (b) requests to be removed from the suppression list.

5. Clickbooth shall only use the Add List for the purpose of adding each Domain to its suppression list and for no other purpose, and shall maintain the Add List as confidential. XMission will mark the Add List as "Confidential." The undertakings and obligations of Clickbooth under this Section 5 shall not apply to any information which Clickbooth can establish (a) became publicly known through no action on Clickbooth's part, (b) was lawfully obtained and known by Clickbooth prior to receipt from XMission, (c) was independently and lawfully developed by Clickbooth, (d) was approved for public release by XMission's written authorization; or (e) was required to be disclosed by law, or to a competent court, government or regulatory body having the right to same, provided that XMission is notified immediately of such required disclosure and given the opportunity to seek a protective order.

6. If XMission believes that a Clickbooth-placed advertisement has been placed in an e-mail sent to any Domain on the Add List that XMission (or its customer) receives after two weeks from the date Clickbooth adds the Add List to it suppression list, XMission may provide written notice to Clickbooth's legal department of that alleged violation ("Violation Notice"), along with un-redacted copies of each such e-mail, including full-headers, source code and redirect links.

7. Within one week after receiving a Violation Notice, Clickbooth will investigate whether the Clickbooth-placed advertisement appeared in an e-mail sent to a Domain on the Add

List, and if it confirms that the advertisement was placed it will investigate the cause and identify the publisher, publisher's contact information, and publisher's affiliate ID(s) as it/they appear in the e-mail(s) in question, to XMission.

8. The hearing on XMission's motion for temporary restraining order currently scheduled for June 24, 2015, is hereby stricken from calendar and the Court will not rule on XMission's motion for temporary restraining order and preliminary injunction, and will not conduct any additional hearing on the motion.

9. Nothing in this stipulation is intended to be a release or waiver of any right that either party may have.

10. This stipulation and order will expire after final resolution of this case, or written agreement of the parties.

DATED: June 23, 2015

BY THE COURT

_____
The Honorable Dee Benson
United States District Court Judge