Jason A. McNeill
   mcneill@mgpclaw.com
Adam Alba
   alba@mgpclaw.com
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Richard B. Newman (Admitted *pro hac vice*)
   rnewman@hinchnewman.com
**HINCH NEWMAN, LLP**
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: 212.756.8777

Attorneys for Clickbooth.com, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **XMISSION, L.C., a Utah limited liability company,**<br><br>    Plaintiff,<br>v.<br><br>**CLICKBOOTH.COM, LLC, a Florida limited liability company; DOES 1-40**<br><br>    Defendants. | **ANSWER**<br><br><br><br><br><br><br><br>Case No.: 2:15-cv-00420<br><br>Honorable Dee Benson |

Defendant, Clickbooth.com, LLC. ("Defendant" or "Clickbooth"), by and through counsel of record MAGLEBY & GREENWOOD, P.C., hereby answer and respond to the Complaint, filed by Plaintiff XMission, L.C. ("Plaintiff" or "XMission") as follows:

### RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

1. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis denies the allegations.

2. Clickbooth admits that it is a Florida limited liability company.

3. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies the allegations.

## RESPONSE TO "JURISDICTION AND VENUE"

4. Clickbooth admits only that this Court has subject matter jurisdiction. Clickbooth denies that it has violated the statutes cited in paragraph 4 of the Complaint.

5. Clickbooth denies the allegations in paragraph 5 of the Complaint.

6. Clickbooth denies the allegations in paragraph 6 of the Complaint.

## RESPONSE TO "GENERAL ALLEGATIONS"

7. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies the allegations.

8. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies the allegations.

9. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies the allegations.

10. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies the allegations.

11. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies the allegations.

12. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies the allegations.

13. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies the allegations.

14. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies the allegations.

15. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies the allegations.

16. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies the allegations.

17. The allegations contained in paragraph 17 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

18.     Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies the allegations.

19.     Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies the allegations.

20.     The allegations contained in paragraph 20 call for a conclusion of law to which no response is required.   To the extent that a response is required, Clickbooth denies same.

21.     The allegations contained in paragraph 21 call for a conclusion of law to which no response is required.   To the extent that a response is required, Clickbooth denies same.

22.     Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies the allegations.

23.     Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies the allegations.

24.     Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies the allegations.

25. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies the allegations.

26. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies the allegations.

27. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies the allegations.

28. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies the allegations.

29. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies the allegations.

30. The allegations contained in paragraph 30 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

31. The allegations contained in paragraph 31 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

## RESPONSE TO "FIRST CAUSE OF ACTION"
(CAN-SPAM ACT, 15 U.S.C. § 7704(a)(1))

32.  Clickbooth repeats its responses to paragraphs 1-31 above, as though fully set forth herein.

33.  The allegations contained in paragraph 33 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

34.  The allegations contained in paragraph 34 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

35.  The allegations contained in paragraph 35 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

36.  The allegations contained in paragraph 36 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

37.  The allegations contained in paragraph 37 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

38.  The allegations contained in paragraph 38 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

39. The allegations contained in paragraph 39 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

40. Clickbooth denies the allegations in paragraph 40 of the Complaint and further denies that Plaintiff is entitled to any relief.

**RESPONSE TO "SECOND CAUSE OF ACTION"**
(CAN-SPAM ACT, 15 U.S.C. § 7704(a)(1)(A))

41. Clickbooth repeats its responses to paragraphs 1-40 above, as though fully set forth herein.

42. The allegations contained in paragraph 42 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

43. The allegations contained in paragraph 43 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

44. The allegations contained in paragraph 44 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

45. The allegations contained in paragraph 45 call for a conclusion of law to which no response is required.  To the extent that a response is required, Clickbooth denies same.

46. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint pertaining to

origination and the maintenance of anti-spam policies, and on that basis denies the allegations. Clickbooth denies the remaining allegation in paragraph 46 of the Complaint.

47. Clickbooth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies the allegations.

48. Clickbooth denies the allegations in paragraph 48 of the Complaint.

49. Clickbooth denies the allegations in paragraph 49 of the Complaint and further denies that Plaintiff is entitled to any relief.

**RESPONSE TO "THIRD CAUSE OF ACTION"**
(Aggravated Damages – CAN-SPAM Act 15 U.S.C § 7706(g)(3)(C))

50. Clickbooth repeats its responses to paragraphs 1-49 above, as though fully set forth herein.

51. Clickbooth denies the allegations in paragraph 51 of the Complaint.

52. Clickbooth denies the allegations in paragraph 52 of the Complaint.

53. Clickbooth denies the allegations in paragraph 53 of the Complaint and further denies that Plaintiff is entitled to any relief.

**RELIEF REQUESTED**

WHEREFORE, Clickbooth denies that Plaintiff is entitled to any of the forms of relief requested in the Prayer for Relief, or any other relief. Clickbooth respectfully requests that the Court deny relief to Plaintiff, enter judgment in favor of Clickbooth, dismiss Plaintiff's claims with prejudice and declare that Clickbooth has not violated the CAN-SPAM Act. Clickbooth also respectfully requests that the Court award it

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 7706(g)(4), and such other further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Clickbooth's right to plead additional defenses as discovery into the facts of the matter warrant, Clickbooth hereby asserts the following affirmative defenses. Clickbooth reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

Clickbooth asserts the following affirmative defenses:

## **FIRST DEFENSE**

The Complaint fails to state a claim against Clickbooth upon which relief can be granted. Clickbooth did not send, initiate or procure any of the emails referred to in the Complaint.

## **SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, acquiescence, unclean hands, assumption of risk and/or other equitable doctrines. Plaintiff consciously avoided taking reasonable efforts to: (i) block alleged spam messages; and (ii) ensure successful attempts to opt-out and/or prevent its customers from opting back in. Upon information and belief, Plaintiff devotes its resources to capturing and accumulating commercial email through a variety of means for the sole purpose of facilitating litigation.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that it has failed to mitigate its damages, if any, by, without limitation, failing to request that Clickbooth suppress the relevant domains prior to initiating this lawsuit and collecting countless email communications over a long period of time exclusively for litigation preparation purposes without first notifying Clickbooth of any particular concerns. Plaintiff has incurred no economic damages or suffered any qualifying harm.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that its damages, if any, were caused by Its own conduct and/or the conduct of one or more third parties whose activities were not approved, known, ratified or controlled by Clickbooth.

## FIFTH DEFENSE

Plaintiff has failed to name or join one or more indispensable parties to the present action, including, but not limited to, certain persons or entities that publicly registered the domain names from which the emails at issue were purportedly sent.

## SIXTH DEFENSE

Clickbooth expressly reserve their right to amend this Answer to assert other defenses that may be discovered in the course of this lawsuit.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that it has failed to mitigate its damages, if any, by, without limitation, failing to request that Clickbooth suppress the relevant domains prior to initiating this lawsuit and collecting countless email communications over a long period of time exclusively for litigation preparation purposes without first notifying Clickbooth of any particular concerns. Plaintiff has incurred no economic damages or suffered any qualifying harm.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that its damages, if any, were caused by Its own conduct and/or the conduct of one or more third parties whose activities were not approved, known, ratified or controlled by Clickbooth.

## FIFTH DEFENSE

Plaintiff has failed to name or join one or more indispensable parties to the present action, including, but not limited to, certain persons or entities that publicly registered the domain names from which the emails at issue were purportedly sent.

## SIXTH DEFENSE

Clickbooth expressly reserve their right to amend this Answer to assert other defenses that may be discovered in the course of this lawsuit.

DATED this 4th day of August, 2015.

                **HINCH NEWMAN, LLP**

                */s/ Richard B. Newman*
                Richard B. Newman

                &

                **MAGLEBY & GREENWOOD, P.C.**
                Jason A. McNeill
                Adam Alba

                *Attorneys for Defendants Clickbooth.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), of the Utah Rules of Civil Procedure, a true and correct copy of the foregoing **ANSWER** was delivered to the following this 4th day of August, 2015, by:

[ ]    Hand Delivery

[ ]    Depositing the same in the U.S. Mail, postage prepaid

[X]    Via Electronic Mail

[X]    Via submission to the Utah State Court electronic filing system

Evan A. Schmutz
  eschmutz@djpclaw.com
Jordan K. Cameron
  jcameron@djplaw.com
DURHAM JONES & PINEGAR, P.C.
3301 N. Thanksgiving Way, Suite 400
Lehi, Utah 84043


                              /s/ Janae Kidd