**Evan A. Schmutz (3860)**
 *eschmutz@djplaw.com*
**Jordan K. Cameron (12051)**
 *jcameron@djplaw.com*
**DURHAM JONES & PINEGAR, P.C.**
3301 N Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: (801) 375-6600
Fax: (801) 375-3865

**Attorneys for Plaintiff XMission, L.C.**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>  Plaintiff,<br><br>vs.<br><br>CLICKBOOTH.COM, LLC; DOES 1-40,<br><br>  Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br><br><br>Case No.:  2:15cv00420<br><br>Judge Dee Benson |

**PRELIMINARY MATTERS**:

 a. The nature of the claims and affirmative defenses involve alleged violations of the CAN-SPAM Act of 2003 found in 15 U.S.C. § 7701 *et seq*. Plaintiff alleges that Defendants transmitted thousands of commercial e-mails to its e-mail servers in violation of various provisions of the CAN-SPAM Act. Plaintiff seeks an injunction and statutory damage.

 Defendant Clickbooth.com, LLC. contends that it is not liable under CAN-SPAM as Plaintiff alleges because (1) it did not "initiate" or "procure" the transmission of the

1

alleged emails under the definitions of those terms applicable to actions brought by a provider of Internet access service; (2) the emails XMission claims Clickbooth is responsible for do not have false or misleading header information in violation of 15 U.S.C. § 7704(a)(1); and, (3) the emails XMission claims Clickbooth is responsible for do not violate any other statutory provision.

b. This case has been referred to a magistrate judge.

c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 14, 2015, via telephonic conference.  The following participated:  Jordan K. Cameron, counsel for Plaintiff, and Richard B. Newman, counsel for Defendant Clickbooth.com, LLC.

d. The parties do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

e. The parties will exchange initial disclosures by September 9, 2014.

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

a. Discovery is necessary on each of the claims and related allegations in the complaint and any and all defenses thereto.

b.  Discovery Phases. The order of discovery will be up to counsels' preference and will not be conducted in specific phases. Discovery shall commence upon the Parties serving their initial disclosures as set forth above.

c.  Designate the discovery methods to be used and the limitations to be imposed.

   (1)  *Oral Exam Depositions*: Plaintiff shall be permitted to conduct up to 10 depositions, unless otherwise stipulated by the Parties.

   Defendants shall each be permitted to conduct up to 10 depositions, unless otherwise stipulated by the Parties.

   No Deposition shall exceed 7 hours, unless otherwise stipulated by the Parties.

   (2)  *Written Discovery:* Unless otherwise stipulated by the parties, the maximum number of Interrogatories that will be served on any party by any other party is 25; the maximum number of Requests for Admission that will be served on any party by any other party is 25, however, requests for authentication shall not count against this limit; the maximum number of Requests for Production that will be served on a party by any other party is 60.

   (3)  Other discovery methods: The Parties shall be allowed to issue subpoenas *duces tecum*, independent third party interviews, and all other discovery methods that are consistent with the limitations and procedures specified in the Federal Rules of Civil Procedure and applicable case law.

d.   Discovery of electronically stored information should be handled as follows:

Any electronically stored documents which are requested (i) by Defendant, shall be produced to Defendant with a Summation load file, text searchable, in TIFF or JPEG format, or in native format for email correspondence, Excel, Powerpoint, or other documents that do not convert to TIFF or JPEG; or (ii) by Plaintiff, shall be produced to Plaintiff with a Summation load file, text searchable, in TIFF or JPEG format, or in a native format for email correspondence, Excel, Powerpoint, or other documents that do not convert to TIFF or JPEG;. Notwithstanding the foregoing, any party may request that the responding party provide any specifically-identified documents in each such document's native electronic format provided that the requesting party sets forth a reasonable basis for requesting the document in native format.

In the event that electronically stored information, which the Parties agree is information that is not easily copied to external storage systems such as DVDs, CDs, or Cloud storage, is requested, the responding party shall provide to the requesting party an itemized list of electronic information and the manner in which it is stored (i.e., hard drive, database, disc image, etc.).  The requesting party shall then identify on the provided list, the items of which it requests the production.  It shall then be the requesting party's responsibility to arrange and pay for the copying, imaging, etc. of the electronically stored information.  The responding party shall work with the requesting party to facilitate the copying of the information.

SLC_2438458

Nothing herein shall limit a responding parties' right to object to the production of documents on the basis that the request is overbroad, unduly burdensome, electronic documents are not readily available because of undue burden or cost, duplicative, or any other valid objection. The parties will cooperate in identifying search terms to be used by the parties to search reasonably available electronic databases and will agree that the producing party's obligation to search for responsive electronic documents shall be limited to the search terms agreed on by the parties.

e. The parties have agreed to a two-tiered protective order governing the confidentiality of any document production and discovery responses, including claims of privilege or protection as trial preparation material asserted after production.

f. The last day to serve written discovery is May 5, 2016.

g. Close of fact discovery:  June 2, 2016.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a. The cutoff dates for filing a motion to amend pleadings are:

Plaintiff(s) – May 2, 2016

Defendant(s) – May 2, 2016

b. The cutoff dates for filing a motion to join additional parties are:

Plaintiff(s) – May 2, 2016

Defendants(s) – May 2, 2016

*(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel*

*from the requirements of Fed. R. Civ. P. 15(a)).*

4. **EXPERT REPORTS**:

    Reports from experts under Rule 26(a)(2) will be submitted as follows:

    a. For the party who has the initial burden of proof on a subject, the initial expert disclosure under Rule 26(a) shall be made no later than forty five (45) days after the close of fact discovery.

    b. Expert disclosures by a party who does not have the burden of proof on a subject shall be made within forty five (45) days of the deadline for initial expert disclosures by the party with the burden of proof.

    c. Reply expert disclosures by the party with the initial burden of proof must be made within thirty (30) days of the service of any supplemental expert report.

5. **OTHER DEADLINES**:

    a. Expert Discovery cutoff – October 31, 2016

    b. Deadline for filing dispositive or potentially dispositive motions and any motions to exclude expert testimony is November 25, 2016.

6. **ADR/SETTLEMENT**:

    a. The potential for resolution before trial is good.

    b. This case should be referred to the court's alternative dispute resolution program for mediation.

    c. The parties do not currently intend to engage in private alternative dispute resolution.

    d. The case should be re-evaluated for settlement/ADR resolution on:  June 2, 2016.

7. **TRIAL AND PREPARATION FOR TRIAL:**

    a. The parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b. This case should be ready for a trial by: March 6, 2017.

    c. The estimated length of the trial is: 10 days.

DATED this 27th day of August, 2015

/s/ Jordan K. Cameron
Evan A. Schmutz
Jordan K. Cameron
DURHAM, JONES & PINEGAR, P.C.
*Attorneys for Plaintiff*

/s/ Jason A. McNeill (Signed electronically with permission)
Jason A. McNeill
Adam Alba
MAGLEBY & GREENWOOD, P.C.
*Attorneys for Defendant*

/s/ Richard B. Newman (Signed electronically with permission)
Richard B. Newman *(Admitted pro hac vice)*
HINCH NEWMAN LLP
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of September, 2015, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Jason A. McNeill
Adam Alba
MAGLEBY & GREENWOOD, P.C.
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101

Richard B. Newman *(Admitted pro hac vice)*
HINCH NEWMAN LLP
1450 Broadway, 35th Floor
New York, NY  10018


　　　/s/ Jordan K. Cameron_____